```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
```

JESSICA MERCEDES AQUINO,

    Petitioner,

-against-

**MEMORANDUM AND ORDER**

09-CV-0912 (ENV)

IMMIGRATION and CUSTOMS
ENFORCEMENT; ATTORNEY GENERAL
of the UNITED STATES,

    Respondents.
```
------------------------------------------------------------X
```

VITALIANO, U.S.D.J.:

On March 2, 2009, petitioner, Jessica Mercedes Aquino ("Aquino"), a citizen of the United States appearing *pro se* filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on behalf of her husband, Jose Luis Grullon Rosario ("Rosario"), a citizen of the Dominican Republic, seeking to compel respondents to issue a visa for Rosario. As further explained, Aquino's petition must be denied, for this Court does not have jurisdiction to grant the relief she requests.

### Background

The following facts are taken from Aquino's petition and attached exhibits. In 2006, Aquino traveled to the Dominican Republic where she met Rosario. They married on February 14, 2007, and subsequently applied for an immigrant visa for him. On September 18, 2008, Aquino and Rosario were interviewed by a consular officer at the United States Embassy in Santo Domingo, Dominican Republic (the "Embassy"). During the interview, after being challenged by the consular officer, Rosario conceded that he and his former wife had been interviewed at the Embassy on August 10,

1999 for an earlier visa application. The prior application was ultimately denied because it was determined that Rosario's first marriage had been entered into for the sole purpose of securing an immigrant visa for entry into the United States.

Based on this prior marriage, the consular officer allegedly advised Rosario and Aquino that they would need to complete Form I-601 (the "waiver application") and reserved decision on Rosario's pending visa request until the form was submitted. Rosario and Aquino submitted the waiver application on September 25, 2008, and Rosario wrote in further support of his application on October 20, 2008. On January 3, 2009, Rosario's visa request was denied based on the consular officer's determination that Rosario had entered into a fraudulent (first) marriage for purposes of obtaining an immigrant visa and had failed to sustain his burden to show "extreme hardship" under the relevant regulations. A notice of the decision, sent to Rosario by the United States. Citizenship and Immigration Services ("USCIS"), indicated that Rosario could appeal within 30 days of the notice by submitting form I-290 B (which was attached to the notice) to the Administrative Appeals Unit (the "AAU").[1]

Aquino alleges that on January 16, 2009, Rosario received a letter from the Embassy (the "January letter") indicating that their appeal should be submitted at window 26 or 27 at the Embassy.[2] Aquino further alleges that, pursuant to this letter's advice, she and Rosario traveled to the Embassy on February 3, 2009, to file their appeal. However, Aquino asserts that, after reviewing the appeal and

---

[1] The notice of decision is dated, but on the copy attached to Aquino's petition as an exhibit, the date is obscured.

[2] Aquino has attached this letter as an exhibit to her petition. However, the letter is in Spanish and no certified translation has been provided. In any event, the actual contents of the letter are not relevant to the decision.

Rosario's file, the Embassy clerk refused to take the appeal, stating that Rosario's case had been closed. Aquino alleges that she showed the January letter and notice of decision to the clerk and was directed to wait for a consular officer. After six hours, she alleges that a consular officer spoke with the couple and informed them that Rosario's application had been denied and that should Aquino wish to live with her husband and child, she would have to move to the Dominican Republic. The instant habeas petition followed.

**Discussion**

Aquino requests the Court direct USCIS to issue an immigrant visa to Rosario based on two alleged errors. First, Aquino contends that USCIS did not properly take into account evidence the couple had provided when denying Rosario's waiver application.[3] Second, Aquino contends that USCIS erred by not accepting their appeal.

As to her first contention, Aquino basically disagrees with the decision reached by the USCIS and asks this Court to side with her in the dispute. However, discretion over waivers of the type sought here are explicitly reserved to the discretion of the Attorney General. See 8 U.S.C. § 1182(i)(1). Moreover, Congress has expressly insulated the Attorney General's decision from review by any court. See 8 U.S.C. § 1182(i)(2) ("No court shall have jurisdiction to review a decision or action of the Attorney General regarding a waiver under paragraph (1)."). Therefore, whether the Attorney General's decision is erroneous or not, this Court is not empowered to review it.

Aquino's second ground for relief is that the USCIS violated her due process rights by failing

---

[3] Aquino does not challenge the consulate's determination that Rosario had previously entered into a marriage for the sole purpose of obtaining a visa, instead asserting that Rosario has atoned for that mistake. Therefore, this case does not require the Court to consider (assuming jurisdiction), as some courts have found appropriate to do, whether there was evidence sufficient to support the consulate's finding. See e.g., Al-Kilani v. Barr, No. C-91-1855, 1992 US Dist. LEXIS 5974 (N.D. Cal. April 22, 1992).

to accept the appeal pursuant to its own regulations. It too falls. Aquino's claim implicates the doctrine of consular non-reviewability, "the long-standing judicial practice of refusing to review a consular official's decision to issue or withhold a visa." Amer. Acad. of Religion v. Chertoff, 463 F. Supp. 2d 400, 417 (S.D.N.Y. 2006); see also Wan Shih Hsieh v. Kiley, 569 F.2d 1179, 1181 (2d Cir. 1978) ("It is settled that the judiciary will not interfere with the visa-issuing process."). The doctrine is broadly construed to preclude not only direct challenges to a consular official's decision, but also attempts to collaterally attack the decision.[4] See Amer. Acad. Of Religion v. Chertoff, 06-cv-588 (PAC), 2007 U.S. Dist. LEXIS 93424, at *26 (S.D.N.Y. Dec. 20, 2007) (discussing failed attempts to make an end-around the doctrine of consular non-reviewability). Specifically, under the doctrine, courts do not "have jurisdiction to review a consular official's decision, even if its foundation was erroneous, arbitrary, or *contrary to agency regulations*." Ngassam v. Chertoff, 590 F. Supp. 2d 461, 467 (S.D.N.Y. 2008) (emphasis added); Dong Li Qui v. Ridge, No. 02-cv-7178 (HB), 2005 U.S. Dist. LEXIS 17261, at *11 (S.D.N.Y. Aug. 19, 2005) (citing Burrafato v. United States Dep't of State, 523 F.2d 554, 557 (2d Cir. 1975)); Al Makaaseb Gen. Trading Co. v. Christopher, No. 94-cv-1179, 1995 U.S. Dist. LEXIS 3057, at *6 (S.D.N.Y. March 13, 1995).

Just as in those cases, Aquino seeks to overturn the consular decision denying Rosario a visa based on an alleged failure by the consulate to follow its own regulations. And, just as in those cases, this Court does not have jurisdiction to grant that relief. It would certainly be troubling if applicants for visas at the Embassy in the Dominican Republic are being denied appellate rights granted by regulation. However, "[w]hether the consul has acted reasonably or unreasonably is not for us to

---

[4] Indeed, Aquino asserts that USCIS's action violated the Administrative Procedures Act because it was arbitrary and capricious. However, the Immigration and Naturalization Act has supplanted the APA as the governing statute for immigration proceedings. See Ardestani v. INS, 502 U.S. 129, 133 (1991).

4

determine. Unjustifiable refusal to vise a passport may be ground for diplomatic complaint by the nation whose subject has been discriminated against...[but] [i]t is beyond the jurisdiction of the court." United States ex rel. London v. Phelps, 22 F.2d 288, 290 (2d Cir. 1927) (internal citations omitted). Therefore, lacking subject matter jurisdiction, the Court must dismiss Aquino's petition. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999).

## Conclusion

For the foregoing reasons, the petition is dismissed for lack of subject matter jurisdiction. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
May 15, 2009

ERIC N. VITALIANO
United States District Judge